[S. F. No. 16234.   In Bank.   Nov. 10, 1942.]

C. E. HUNTER et al., Respondents, v. LYDIA HUNTER et al., Appellants.

C. E. Luckhardt and H. L. Preston for Appellants.

Grattan, Kirby & Pasquinelli, Eugene B. Grattan, Owen D. Richardson and David C. Kirby for Respondents.

SHENK, J.—This is an appeal from a judgment in favor of the plaintiffs quieting their title in and to certain real property in the county of Santa Clara and cancelling a promissory note and a trust deed on the property.

The amended complaint proceeds on three causes of action: (1) a cause of action to quiet title in the usual form; (2) a cause of action on the ground that there was no consideration for the note and trust deed; and (3) a cause of action based on the oral agreement that the note and deed of trust were to be cancelled if F. A. Hunter predeceased the plaintiffs. The answer admitted the ownership and possession of the property by the plaintiffs but asserted the validity and effectiveness of the note and trust deed.

The plaintiffs C. E. Hunter and Maud M. Hunter are husband and wife. F. A. Hunter was the father of the plaintiff C. E. Hunter. The defendant Lydia Hunter is the mother of the plaintiff C. E. Hunter. The defendant Grandin H. Miller was named as the trustee in the deed of trust ordered cancelled by the judgment. During the events out of which this controversy arose the elder Hunter was living. At the beginning of those events the younger Hunter and his wife were living in Browns Valley, Yuba County, California, and the elder Hunters lived on a ranch in Santa Clara County. The elder Hunters were well along in years and desired to have their son near them for the purpose of helping to farm and manage their ranch, also to do away with the long trips and traffic dangers in their customary visits to the younger Hunters. For the purpose of inducing the plaintiffs to dispose of their property and to move to Santa Clara County

to be near the elder Hunters, the latter offered to purchase for the plaintiffs acreage upon which they could make their home. The plaintiffs objected to the plan. They were considering at that time a proposition to dispose of their property in order to take up their residence in San Francisco where the plaintiff C. E. Hunter had the opportunity of securing a good position. The plaintiff wife especially was reluctant to make the move requested by the parents of her husband.

The negotiations continued over a period of time. Finally F. A. Hunter succeeded in finding a place consisting of thirty-five acres, adjoining the property of the elder Hunters, which could be purchased for seven thousand dollars. The property had no suitable home upon it and was planted to young trees which would not bear for several years. That condition of the place was one of the grounds upon which the plaintiff wife based her objections to making the change. She was averse to leaving the home in Yuba County for a place where the buildings were inadequate and the property for a considerable period would not be income-producing. Eventually, however, the plaintiffs were persuaded to accept the parents' proposal and they prepared to move to Santa Clara County. They succeeded in trading their property in Yuba County for property in Glendale.

The father and son then proceeded to arrange for the purchase of the thirty-five acre tract involved in this action. F. A. Hunter gave to his son a check for seven thousand dollars for the purpose of purchasing the property. Defendant Lydia Hunter assisted in the drawing of the check. The property was purchased, a deed was executed to the plaintiffs, the transaction was closed, and there is no claim that the younger Hunters did not in all respects comply with their part of the transaction. Throughout all of the negotiations the defendant Lydia Hunter was present at and participated in many of the conversations between the parties. The deed to the property was executed and delivered to the plaintiffs about the 11th day of November, 1932. About February 11, 1933, the plaintiffs, without previous discussion with F. A. Hunter and Lydia Hunter, or either of them, visited the defendant Grandin H. Miller, an attorney, and requested him to prepare an instrument which would enable the elder Hunters to secure title to the property in the event anything should happen to the plaintiffs, the reason given by the plaintiffs for this action

being that they desired to protect the F. A. Hunters in the event the plaintiffs should predecease them. A note for seven thousand dollars, due five years after date, bearing four per cent interest, and a deed of trust upon the property to secure its payment were prepared by Mr. Miller, executed by the plaintiffs and delivered to F. A. and Lydia Hunter.

After moving from Browns Valley to Santa Clara County the plaintiffs resided a part of the time with the elder Hunters and a part of the time upon the property involved herein. The plaintiff C. E. Hunter assisted his parents in the management and care of their property and during a portion of the time had a lease upon their ranch. The elder Hunter died in July, 1935. In the fall of that year the plaintiff C. E. Hunter requested the mother to reconvey the property. She at first acquiesced, with the statement that they did not want the trust deed in the first place; but a daughter who was present at the conversation directed the mother not to make the reconveyance. Upon the refusal of Lydia Hunter to execute a reconveyance, this action was commenced.

The foregoing is a sufficient statement of the facts for the purpose of our conclusion. The evidence in many respects was sharply conflicting. Resolving the conflict mainly on the foregoing facts, established by the evidence on behalf of the plaintiffs, the court found that there was no consideration for the promissory note and deed of trust. It is contended by the defendants that this finding is not supported by the evidence. It is supported on the theory that there was shown to be sufficient consideration for the vesting of title to the thirty-five acre tract in the plaintiffs and for the payment by the elder Hunter of the seven thousand dollars as the purchase price. The transaction was closed, and therefore complete at the time of the conveyance to the plaintiffs and the payment of the cash consideration by the elder Hunter. The giving up of their home in Yuba County, the removal to the vicinity of the elder Hunters in Santa Clara County, the assistance given to the elder Hunters by the plaintiffs, constituted consideration for the transfer of the property, and the record supports the conclusion that it was intended as such by all the parties to the transaction. The execution and delivery of the note and deed of trust several months after the transaction was completed, served no more than the consummation of a desire on the part of the plaintiffs to protect the father in the event the plaintiffs should pre-

decease him. Those probative facts and the inferences to be drawn therefrom are sufficient to support the trial court's conclusion that the plaintiffs were the owners of the property involved and that the note and deed of trust were given as a protective measure only and were without consideration.

In view of the foregoing conclusion, other contentions do not require comment.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter J., Traynor, J., and Schauer, J. pro tem., concurred.